**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>vs.<br><br>ANTWAN FORTENBERRY,<br><br>          Defendant. | Case No. 2:14–mj–673–VCF<br><br>**ORDER** |

This matter involves the United States of America's prosecution of Antwan Fortenberry. Before the court is the government's Emergency Motion to Continue Fortenberry's Preliminary hearing (#18[1]). For the reasons stated below, the government's motion is denied.

**BACKGROUND**

On October 6, 2014, the Bureau of Alcohol, Tobacco, Firearms, and Explosives assisted the Las Vegas Metropolitan Police Department with a prostitution (a/k/a "outcall") investigation. (*See* Compl. (#1) at ¶ 3). At 1:00 AM, the agents called a phone number they found on www.backpage.com. (*Id.*) A female answered and arranged to meet an agent at the Paris Hotel fifteen minutes later. (*Id.*)

At 1:15 AM, a detective observed a luxury sedan enter the Paris Hotel's valet lane. (*Id.* at ¶ 4). A women existed and headed for the casino bar, where an undercover agent waited to meet her. (*Id.*) Meanwhile, the detective observed the luxury sedan pull away. (*Id.*) One occupant remained in the car: Defendant Antwan Fortenberry. (*Id*).

The detective, assisted by two patrol officers, followed Fortenberry. (*Id.* at ¶ 5). When he parked his car at the Gold Key Shops on South Las Vegas Boulevard, they approached Fortenberry, placed him

---

[1] Parenthetical citations refer to the court's docket.

1

under arrests for soliciting prostitution, and inquired whether he had any weapons. (*Id.*) Fortenberry replied: "Before you get all crazy, I got a gun." (*Id.* at ¶ 6). A black Glock 9-millimeter semi-automatic handgun was discovered in Fortenberry's pants. (*Id.*) It was loaded and the serial number had been obliterated. (*Id.*)

On October 16, 2014, Fortenberry was charged by complaint for possessing a firearm with an obliterated serial number. (Gov't's Mot. to Extend (#18) at ¶ 1). His initial appearance occurred on October 22, 2014, and his preliminary hearing was set for November 5, 2014. (*Id.* at ¶ 2). By stipulation of the parties, Fortenberry's preliminary hearing was continued until December 8, 2014, in order to reach a pre-indictment resolution. (*Id.* at ¶¶ 4–6). No resolution was reached, and Fortenberry refuses to stipulate to an additional continuance. (*Id.* at ¶ 5).

Now, the government moves to continue Fortenberry's preliminary hearing for two days. The reason: to obtain an indictment from a grand jury. (*Id.* at ¶ 6). Fortenberry objected. This order follows.

## LEGAL STANDARD

The Fifth Amendment provides that "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law." U.S. CONST. amend. V. This right is the source of a criminal defendant's right to a preliminary hearing. *Morrissey v. Brewer*, 408 U.S. 471, 490 (1972) (Brennan, J., concurring).

Federal Rule of Criminal Procedure 5.1 governs preliminary hearings. In pertinent part, it states that "[t]he magistrate judge must hold the preliminary hearing within a reasonable time, but no later than 14 days after the initial appearance if the defendant is in custody." FED. R. CRIM. P. 5.1(c). This deadline may be extended under two circumstances. First, "[w]ith the defendant's consent and upon a showing of good cause—taking into account the public interest in the prompt disposition of criminal cases—a magistrate judge may extend the time limits in Rule 5.1(c) one or more times." FED. R. CRIM. P. 5.1(d). Additionally, "[i]f the defendant does not consent, the magistrate judge many extend the time limits only

on a showing that extraordinary circumstances exist and justice requires the delay." *Id*. "In adopting this language, the drafters intended that delay from whatever source should be avoided wherever possible." 1 C. WRIGHT & A. LEIPOLD, FEDERAL PRACTICE & PROCEDURE: CRIMINAL § 91, at p. 254 (4th ed. 2008) (citing Advisory Comm. Notes (1972)).

**DISCUSSION**

The government's motion to extend is denied for three reasons. First, the government did not argue that extraordinary circumstances exists or provide any points and authorities regarding extraordinary circumstances under Rule 5.1. This, however, was the government's burden.

Second, the court's review of the relevant law demonstrates that extraordinary circumstances do not exist in this case. In *United States v. Bagios*, for instance, the court found extraordinary circumstance where "severe weather [impeded] transportation of every type" and the U.S. Marshals' air fleet suffered from an "unknown mechanical problem." *Bagios*, No. 11–6030–RSR, 2011 WL 817856, at *4 (S.D. Fla. March 2, 2011). Similar circumstances do not exist here.

Third, the sole reason the government proffers for seeking a continuance—(*viz*., that it wants to obtain an indictment)—fails as a matter of law. *See* WRIGHT & LEIPOLD, *supra*, at § 91, at p. 254, note 17 (citing *United States v. Gurary*, 793 F.2d 468, 473 (2d Cir. 1986) (stating that Rule 5.1 does not permit continuance solely to enable the government to avoid a preliminary hearing by securing an indictment)).

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that the Government's Emergency Motion to Continue Fortenberry's Preliminary hearing (#18) is DENIED.

DATED this 8th day of December, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE