UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **2:14-CR-387-JAD-NJK** |
| | ) | |
| | ) | **FINDINGS OF FACT AND** |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| ANTWAN FORTENBERRY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## **FINDINGS OF FACT**

Based on the pending Motion made by the United States, and good cause appearing therefore, the Court finds that:

1.      On October 16, 2014, Defendant Antwan Fortenberry was charged via a Criminal Complaint with Possession of a Firearm with an Obliterated Serial Number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B).  *See* Docket #1.

2.      The Defendant made an initial appearance on the Complaint on October 22, 2014, whereupon he was ordered detained to federal custody pending further proceedings.  *See* Docket #9 and #13.  A preliminary hearing in this matter was conducted on December 8, 2014 at 2:00 p.m., whereupon the Magistrate Judge found that there was probable cause that the Defendant had committed the offense alleged in the Complaint.  *See* Docket #20.

3.      On December 10, 2014, the Federal grand jury returned an Indictment against the Defendant charging him with Felon in Possession of a Firearm, in violation of 18 U.S.C.

§§ 922(g)(1) and 924(a)(2).  *See* Docket #24.  The Defendant was arraigned on December 18, 2014, whereupon he pleaded not guilty and the matter was set for trial to commence on February 10, 2015.  *See* Docket #29.  Pursuant to a stipulation to the parties, the trial was continued to May 12, 2015, and the pre-trial motion deadline was extended.  *See* Docket #31 and #32.

4.      The Defendant filed a "Motion to Suppress Evidence Seized in Violation of the Fourth and Fifth Amendments" ("Defendant's Motion") on February 17, 2015.  *See* Docket #33. PACER set the Government's response deadline for March 6, 2015.  *Id.*

5.      Undersigned counsel is set to commence trial in the matter of *United States vs. Edward Jameson Purry II*, case number 2:14-CR-332-JAD-VCF, on March 9, 2015, and has been preparing for said trial since approximately February 17, 2015.  Consequently, due to the press of business, undersigned counsel has been unable to adequately research the issues raised in the Defendant's Motion in order to prepare and file an appropriate response.  Additionally, undersigned counsel needs to speak with the arresting detective before filing a response.

6.      Undersigned counsel was informed by counsel for the Defendant that he (the Defendant) would not consent to an extension of the Government's response deadline, thereby necessitating the Government filing the instant motion.

7.      The Government is requesting a brief fourteen (14) day extension of the response deadline in order to have sufficient time, taking into account due diligence, to have the necessary time to craft a response to the Defendant's Motion and to schedule a meeting with the arresting detective.

8.      Given that the trial in this matter is set for May 12, 2015, an extension of the Government's response deadline is unlikely to have any effect on the current trial setting.

9.      The additional time is not sought for purposes of delay or due to any lack of diligence.

10.      Undersigned counsel informed counsel for the Defendant that the Government was going to file this Motion.  Counsel for the Defendant indicated that she would not be filing a response.

11.      The Defendant is in custody.  However, the request for a continuance is brief, and as explained in paragraph 8, a fourteen day continuance of the Government's response deadline is unlikely to prejudice or affect the Defendant's rights under the Speedy Trial Act.

12.      Additionally, denial of this request for continuance could result in a miscarriage of justice.

13.      This is the first motion filed herein to continue the Government's response deadline.

For all of the above-stated reasons, the ends of justice would best be served by a continuance of the Government's response deadline.

## CONCLUSIONS OF LAW

The additional time requested herein is not sought for purposes of delay, but merely to allow the Government adequate time to prepare a response to the Defendant's Motion to Suppress, taking into account due diligence.  The failure to grant said continuance would likely result in a miscarriage of justice.

## ORDER

IT IS THEREFORE ORDERED, that the previously-scheduled response deadline for the Government to respond to the Defendant's "Motion to Suppress Evidence Seized in Violation of the Fourth and Fifth Amendments" (Docket #33) is extended until _March 20, 2015_____, 2015.

Dated: March 5, 2015

_____
UNITED STATES MAGISTRATE JUDGE