# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　　　Plaintiff(s),<br>vs.<br>ANTWAN FORTENBERRY,<br>　　　　　　Defendant(s). | Case No. 2:14-cr-00387-JAD-NJK<br><br>ORDER<br><br>(Docket No. 88) |

Pending before the Court is Defendant's "Memorandum Regarding Court's Order of June 11, 2015," that was filed to "correct the Court's misunderstanding relative to Mr. Fortenberry's request for production of text messages." Docket No. 88. The Court construes this filing as a motion to reconsider the Court's prior order, which is hereby DENIED.

On May 7, 2015, Defendant filed a "motion" for production of "all Las Vegas Metropolitan Police Department officers testifying text messages." Docket No. 68 at 2. Later that same day, Defendant filed a "supplement" making the same request. Docket No. 73 at 2. Although these filings were docketed by Defendant as a "motion" and "supplement," respectively, they are both captioned as "Points and Authorities." *See* Docket Nos. 68 at 1, 73 at 1. Defendant then filed a motion to withdraw the motion at Docket No. 68 saying only that it was "based on clerical error." Docket No. 74. Defendant then filed a motion to compel. Docket No. 80.

On June 11, 2015, the Court issued an order addressing the myriad discovery requests raised through the motion to compel, and granting the motion to withdraw the motion at Docket No. 68. *See* Docket No. 86. Defendant now argues that the Court incorrectly construed the motion to withdraw as also withdrawing the "supplement" that seeks the same text messages sought in the withdrawn

"motion." *See* Docket No. 88. As noted above, the supplement requests "the production of all Las Vegas Metropolitan Police Department officers testifying text messages." Docket No. 73 at 2. This request mirrors Request No. 8–already addressed by the Court– seeking "[a]ll communications between officers and agents involved in the case during the six hours prior to Mr. Fortenberry's arrest." Docket No. 80 at 11. In response, the Government represented that it had:

> requested all text messages pertaining to this case from the officers that the Government subpoenaed to testify at the suppression hearing. Officer Segura no longer has the cell phone that he had back in October 2014; so those messages are not in his (or the Government's) possession. Officers Bunn and Berlanger (the patrol officers who stopped the Defendant) did not communicate in writing during this investigation. Officers Hibbetts and Novotni conducted searches of their phones and provided screenshots of text messages that they sent, which are attached as Exhibits 2 (texts from Novotni) and 3 (texts from Hibbetts). They informed undersigned counsel that there were no more text messages.

Docket No. 81 at 4-5. Based on that representation, the Court denied the motion to compel as to this request because "the United States has complied with this request." Docket No. 86 at 11-12. Nonetheless, the Court also ordered that, "to the extent they currently exist and have not already been produced, any written statements of any witnesses the United States intends to call on direct examination in the evidentiary hearing on the motion to suppress evidence must be produced to Defendant prior to the resumption of the evidentiary hearing." *Id.* at 13.

In short, there is nothing here for the Court to reconsider. Defendant's request for "the production of all Las Vegas Metropolitan Police Department officers testifying text messages" fails for the reasons already identified in the Court's order; namely, that such messages have either been produced or no longer exist. To the extent they do actually exist and have not been produced, the Court has already ordered them to be produced prior to the resumption of the evidentiary hearing. Accordingly, the pending motion for reconsideration is hereby DENIED.

IT IS SO ORDERED.

DATED: June 23, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge