


UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | 2:14-cr-00387-JAD-NJK |
| Plaintiff/respondent | |
| v. | **Order Denying Motion to Vacate, Set Aside, or Correct Sentence** |
| Antwan Fortenberry, | [ECF No. 124] |
| Defendant/petitioner | |

Federal prison inmate Antwan Fortenberry brings this § 2255 petition to challenge his 2015 federal conviction and sentence after he pled guilty to being a felon in possession of a firearm.[1] I have reviewed Fortenberry's petition and supporting documents under Rule 4 of the Rules governing § 2255 cases in the United States District Courts, and I find that it plainly appears from the face of the petition that Fortenberry is not entitled to relief. I therefore deny his petition and I decline to issue a certificate of appealability.

**Discussion**

In his guilty-plea agreement, Fortenberry waived "(a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined the sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence."[2] Fortenberry also waived "all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel."[3]

---

[1] ECF No. 173.

[2] ECF No. 119 at 9.

[3] *Id.*

The United States Supreme Court in *Hill v. Lockhart* articulated a specific test for IAC claims challenging guilty pleas.[4] To prevail, the petitioner must show that "(1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[5]

Fortenberry argues that his counsel was ineffective for failing to: inform him of the consequences of pleading guilty as opposed to going to trial; investigate; negotiate a more favorable plea deal; discuss and make objections to his pre-sentence investigation report; and object to his sentence being substantively unreasonable.[6]

Fortenberry acknowledged both in his written guilty-plea agreement and during his change-of-plea hearing that he read and understood the plea agreement and all of its terms and conditions, that he believed that he had adequate time to discuss his case, the evidence, and the plea agreement with his attorney, and that he in fact had thoroughly discussed the plea agreement with his attorney.[7] He also acknowledged that he decided to plead guilty "knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial."[8] Thus, Fortenberry's claim that his counsel failed to adequately advise him of the consequences of pleading guilty is belied by the record.

Fortenberry's claim that his counsel was ineffective for failing to "adequately investigate" fails because he offers no facts to support it. Fortenberry does not explain what additional evidence would have been discovered had counsel conducted more investigation or explain how that would have caused him to proceed to trial rather than plead guilty. It is unlikely that any amount of

---

[4] *Hill v. Lockhart*, 474 U.S. 52 (1985).

[5] *Washington v. Lampert*, 422 F.3d 864, 873 (9th Cir. 2005) (internal citation and quotation marks omitted).

[6] ECF No. 124.

[7] ECF No. 119 at 8.

[8] *Id.* at 8–9.

additional investigation would have had this effect. The gun that Fortenberry pleaded guilty to possessing was recovered from his waistband after he told the officers that he had a gun there. It is also highly unlikely that Fortenberry's counsel could have negotiated a more favorable plea deal in light of this evidence and Fortenberry's lengthy criminal history. The plea deal was favorable to Fortenberry because the government agreed to dismiss the second gun charge, and the parties jointly agreed to recommend a 96-month sentence, which is at the low-end of the 92–115 month guidelines range.

As to Fortenberry's claim that counsel was ineffective for failing to object to his pre-sentence investigation report, he fails to explain what material was objectionable. Counsel was also not ineffective for failing to object to the sentence as substantively unreasonable because the parties agreed in the plea agreement to jointly recommend a 96-month sentence. Fortenberry also fails to explain how these alleged errors would have caused him to insist on going to trial instead of pleading guilty because, despite counsel's failure to raise them, he received the exact sentence contemplated by the plea agreement.

## C.   I decline to issue a certificate of appealability

A petitioner may not appeal the denial of a habeas petition unless the district court issues a certificate of appealability identifying the particular issues that may be pursued on appeal.[9] To obtain a certificate of appealability, the petitioner must "make a substantial showing of the denial of a constitutional right,"[10] which includes showing either that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong, or that the issues presented were "adequate to deserve encouragement to proceed further."[11] Because I do not find that reasonable jurists would not find my assessments of Fortenberry's claims debatable or wrong, I decline to issue a certificate of appealability.

---

[9] 28 U.S.C. §2253(c); *United States v. Asrar*, 116 F.3d 1268 (9th Cir. 1997).

[10] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

[11] *Id.* at 484.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Fortenberry's motion to vacate, set aside, or correct sentence **[ECF No. 124] is DENIED, and I decline to issue a certificate of appealability.**

Dated this 16th day of December, 2016.

_____
Jennifer A. Dorsey
United States District Judge