# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

United States of America,

    Plaintiff/respondent

v.

Antwan Fortenberry,

    Defendant/petitioner

2:14-cr-00387-JAD-NJK

**Order re: ECF No. 130**

    Federal prison inmate Antwan Fortenberry brings this § 2255 petition to challenge his 2015 federal conviction and sentence for being a felon in possession of a firearm.[1] On December 16, 2016, I reviewed Fortenberry's petition and supporting documents, denied the petition, and declined to issue a certificate of appealability.[2] Fortenberry then filed a notice of appeal in the Ninth Circuit and an application to proceed *in forma pauperis* on appeal.

    On February 17, 2017, the Ninth Circuit issued an order denying without prejudice Fortenberry's IFP application. The Ninth Circuit indicated in that order that Fortenberry's § 2255 motion raised an ineffective-assistance claim that I failed to address and resolve in my dismissal order, and it remanded this case to me to consider that claim. I find that Fortenberry has alleged a colorable IAC claim based on his counsel's failure to file a notice of appeal. I therefore direct the government to notify the court by **March 1, 2017,** if it objects to the court vacating and reentering Fortenberry's judgment so that he may file a timely notice of appeal without the court first having to hold an evidentiary hearing to determine whether Fortenberry's IAC allegation is true.

---

[1] ECF No. 173.

[2] ECF No. 125.

## Discussion

In his guilty-plea agreement, Fortenberry waived "(a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined the sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence."[3] Fortenberry also waived "all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel."[4] Despite waiving the bulk of his appellate rights, Fortenberry claims that his counsel was ineffective for not filing a notice of appeal on his behalf when he requested that one be filed.[5]

The Ninth Circuit addressed precisely this situation in *United States v. Sandoval-Lopez*. Sandoval-Lopez—who had received a favorable plea deal in which he waived his appellate rights—filed a § 2255 motion claiming that his counsel was ineffective for failing to comply with his request to file a notice of appeal.[6] The Court held that counsel's refusal to comply with Sandoval-Lopez's request constituted ineffective assistance even though the appeal was "almost certain to go nowhere" and could easily make him worse off by depriving him of his sweetheart plea deal.[7] The Court explained that the prejudice in this type of IAC case "is that the defendant lost his chance to file the appeal, not that he lost a favorable result that he would have obtained by appeal,"[8] and that the defendant "has a constitutional right . . . to bet on the possibility of winning the appeal and then winning an acquittal, just as a poker player has the right to hold the ten and queen of hearts, discard

---

[3] ECF No. 119 at 9.

[4] *Id.*

[5] ECF No. 124 at 5.

[6] *United States v. Sandoval-Lopez*, 409 F.3d 1193, 1199 (9th Cir. 2005).

[7] *Id.* at 1198.

[8] *Id.* at 1197.

three aces, and pray that when he draws three cards, he gets a royal flush."[9]

Because Fortenberry sufficiently alleges that he instructed his counsel to file a notice of appeal and counsel failed to do so,[10] I have two options: (1) hold an evidentiary hearing to decide whether this allegation is true, and if it is, vacate and reenter the judgment so that an appeal filed within 14 days would be timely; or, (2) if the government does not object, vacate and reenter the judgment without a hearing and allow the appeal to proceed, assuming without deciding that Fortenberry's claim is true.[11] **I therefore direct the government to file a notice by March 1, 2017, if it objects to the second option.**

### Conclusion

Accordingly, IT IS HEREBY ORDERED that the **government has until March 1, 2017, to notify the court if it objects to the court vacating and reentering Fortenberry's judgment so that he may file a timely notice of appeal without an evidentiary hearing.** If the government files no objection by this deadline, I will assume without deciding that Fortenberry's IAC claim is true and vacate and reenter the judgment so that Fortenberry's appeal may proceed.

Dated this 22nd day of February, 2017.

_____
Jennifer A. Dorsey
United States District Judge

---

[9] *Id.* at 1199.

[10] *Id.* at 1198 (finding that Sandoval-Lopez's allegation that he asked his lawyer to file an appeal and his lawyer refused was sufficient to compel an evidentiary hearing).

[11] *Id.* at 1999.