# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff/Respondent<br><br>v.<br><br>Antwan Fortenberry,<br><br>    Defendant/Petitioner | 2:14-cr-00387-JAD-NJK<br><br>**Order Denying Motion to Vacate**<br><br>[ECF No. 126] |

      On November 17, 2016, federal prison inmate Antwan Fortenberry dispatched a § 2255 motion challenging his 2015 conviction (via a guilty plea) for being a felon in possession of a firearm.[1] On December 16, 2016, I denied Fortenberry's motion, finding that he was not entitled to federal habeas relief on his IAC claims[2] because he failed to show that counsel was ineffective or that there was a reasonable probability that, but for these alleged errors, he would not have pleaded guilty and would have insisted on going to trial.[3] Three days later, the court received a supplemental § 2255 motion, which was dated December 13, 2016—three days before my order denying Fortenberry's initial § 2255 motion.[4] The supplement contains the same IAC claims as Fortenberry's first motion and adds additional legal support for his claims.

      While his supplemental § 2255 motion was still pending, Fortenberry filed a notice of appeal of my order denying the initial § 2255 motion in the Ninth Circuit along with an application to proceed *in forma pauperis* on appeal. On February 17, 2017, the Ninth Circuit issued an order denying without prejudice Fortenberry's IFP application. The Ninth Circuit indicated in that order

---

[1] ECF No. 124.

[2] ECF No. 125.

[3] *Id.* at 2–4 (applying the test for IAC claims challenging guilty pleas from the United States Supreme Court's decision in *Hill v. Lockhart*, 474 U.S. 52 (1985)).

[4] ECF No. 126.

that Fortenberry's § 2255 motion raises an ineffective-assistance claim that I failed to address and resolve in my dismissal order: that Fortenberry's counsel was ineffective for failing to file a notice of appeal after he asked her to do so, and the Cirucit remanded this case to me to consider that claim.[5]

On February 22, 2017, I found that Fortenberry had alleged a colorable IAC claim based on his counsel's failure to file a notice of appeal, and I gave the government until March 1, 2017, to notify the court if it objected to me vacating and re-entering Fortenberry's judgment so that he can file a timely notice of appeal without the court first having to hold an evidentiary hearing to determine whether Fortenberry's IAC allegation is true. The government did not object, so I re-entered Fortenbery's judgment of conviction to provide him the opportunity to file a timely notice of appeal.[6]

I have reviewed Fortenberry's supplemental § 2255 motion, and I still find that it is clear from the motion, memorandum, and the record in this case that Fortenberry is not entitled to federal habeas relief on his claims that his counsel was ineffective for failing to: inform him of the consequences of pleading guilty as opposed to going to trial, investigate, negotiate a more favorable plea deal, submit evidence in mitigation of his sentence, discuss and make objections to his pre-sentence investigation report, and object to his sentence being substantively unreasonable.[7] And

---

[5] ECF No. 132.

[6] ECF Nos. 134, 135.

[7] *See* ECF No. 125 at 2–4. In my order denying Fortenberry's first motion to vacate, I did not explicitly address Fortenberry's sentencing-mitigation argument in support of his claim that his sentencing counsel was ineffective. Fortenberry fleshes out this claim in the supplemental petition, arguing that his sentencing counsel was ineffective for failing "to present any evidence for mitigation of Fortenbery's sentence. As such, Fortenberry received a sentence of 96 months imprisonment when Fortenberry believes that his sentence would be significantly less." ECF No. 126 at 18.

This claim fails for the same reasons that Fortenberry's other sentencing arguments fail: Fortenberry fails to show that counsel's performance was deficient or that, but for counsel's alleged errors, Fortenberry would not have pleaded guilty; the parties agreed in the plea agreement to jointly recommend a 96-month sentence, which is at the low end of Fortenberry's 92–115 month guideline range; thus, Fortenberry cannot reasonably contend that he believed that he would receive a lesser sentence or show that his attorney was ineffective for failing to present mitigating evidence in support of a request for a lesser sentence.

Fortenberry has already received relief for his claim that his counsel was ineffective for failing to file a notice of appeal on his behalf. I therefore deny as moot Fortenberry's supplemental motion to vacate.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Fortenberry's supplemental motion to vacate under 28 U.S.C. § 2255 **[ECF No. 126] is DENIED as moot.**

Dated this 8th day of March, 2017.

_____
Jennifer A. Dorsey
United States District Judge